## Herr's Estate.

1. A trustee, who purchases the trust property at his own sale, or procures another to purchase it for him, at such sale, holds it, subject to the original trust.

2. Where executors, empowered by will to sell real estate of the decedent, exposed the same to public sale, and had it bought by a third person, for themselves, and afterwards sold it at private sale, but not as executors, at an advance, it was held, that they were accountable for the amount received on the second sale.

3. The fact that the final account of the executors had been filed and confirmed before, did not, in such case, prevent the issuing of a citation by the Orphans' Court, to compel the executors to account for the balance.

APPEAL from the decree of the Orphans' Court of *Lancaster county*.

This was an appeal by the guardian of several minors, legatees of Christian Herr, deceased. The executors of Herr sold a tract of land, part of the decedent's estate, at public sale. It was bought in for them, by a third person, at $82.50 per acre. They filed an account, purporting to be a final account, and charged themselves with the price of the land at that rate. They afterwards sold the tract for $90 per acre. The guardian presented a citation to compel them to account for the difference,— $7.50 per acre. The court dismissed the citation, because the final account had been confirmed, and because they thought a citation was not the remedy. The guardian appealed.

*Ellmaker*, for appellant.

*Stevens*, for appellees.

The opinion of the court was delivered by

BLACK, J.—The object of this proceeding in the Orphans' Court, was to compel executors to settle an account. The answer to the citation was, that a final and full account had been settled, and no money had, subsequently to the date of the account, came into the hands of the executors. The facts seem to be, that, before the account, the executors had sold a farm of their testator to one David Herr, and, in the account, charged themselves with the sum at which he had bidden it off, namely, eighty-two dollars and fifty cents per acre. But it was shown very clearly, that Herr bought the land in for the executors, and he made a deed to them for it, without paying a cent to them, or receiving a cent from them. They afterwards sold it to another person for ninety dollars per acre, and during the time they kept it had received some rents and profits. The difference

[Herr's Estate.]

between the price at which it was sold to Herr, and the sum which the executors made out of it, is the subject-matter of this contest.

It certainly is not necessary to decide now, that an executor who buys at his own sale, or, what is precisely the same thing, gets another to buy for him, holds the land on the same trust that it was subject to before the sale. No class of trustees can be allowed to have an interest in the trust property opposite to that of the *cestuis que trust*. These executors were, therefore, bound, in law and equity, to pay out to the legatees all that they received out of the land. They had no right to appropriate to their own use, any portion of the proceeds of the last sale. The advance at which they sold it was no more their own than any other part of the purchase-money. And why should they not account for it in this proceeding? They answer, that they have already settled a final account. Suppose the account to be a final one on its face, that does not conclude the legatees so far that they cannot call for another account of money afterwards received.

The simple question in this case is this: Can an executor become a purchaser of land at his own sale, file an account purporting to be a final settlement, charge himself with the price the land was bid off at by his own agent, sell it afterwards at a higher price, and when called on to account for the advance, set up the account already filed, as a bar to any further claim? We do not hesitate to say he cannot.

The decree of the Orphans' Court of Lancaster county is reversed, and it is now here ordered and decreed, that David B. Herr and Abraham Florney, executors of Christian Herr, deceased, shall file and settle, in the Orphans' Court of said county, a full and true account of all moneys by them received of Samuel Sleartzer, for land of their testator, over and above the sum already charged against them as purchase-money of the same land; and it is further decreed, that they shall, at the same time, render a full and true account of the rents, issues and profits received by them out of the same land.